David G. Barker (#024657)
dbarker@swlaw.com
Emily R. Parker (#036286)
eparker@swlaw.com
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

Michelle E. Armond (*pro hac vice* forthcoming)
michelle.armond@armondwilson.com
Douglas R. Wilson (*pro hac vice* forthcoming)
doug.wilson@armondwilson.com
Yue Han (*pro hac vice* forthcoming)
amy.han@armondwilson.com
ARMOND WILSON LLP
4685 MacArthur Court, Suite 390
Newport Beach, CA 92660
Telephone: (949) 932-0778
Facsimile: (949) 386-1932

*Attorneys for Plaintiff Holosun Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holosun Technologies, Inc., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> NameSilo, LLC; PrivacyGuardian.org; and Doe Defendants 1-10, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATION OF 15 U.S.C. § 1114;** <br><br> **(2) VIOLATION OF 15 U.S.C. § 1125(A);** <br><br> **(3) VIOLATION OF 15 U.S.C. § 1125(D);** <br><br> **(4) VIOLATION OF 17 U.S.C. § 501(A);** <br><br> **(5) VIOLATION OF ARIZ. REV. STAT. §§ 44-1441 and 44-1522** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Holosun Technologies, Inc. ("Holosun" or "Plaintiff"), by and through its undersigned attorneys, for its complaint against NameSilo, LLC ("NameSilo"), PrivacyGuardian.org ("PrivacyGuardian"), and DOE Defendants 1-10 (together "Defendants"), alleges as follows:

## I. THE PARTIES

1.      Holosun is a California corporation, with its principal place of business at 821 Echelon Court, City of Industry, CA 91744.  Holosun established and operates a website at holosun.com (the "Official Holosun Website").

2.      Defendant NameSilo LLC, the website registrar for holosun-usa.com, is a limited liability company organized under the laws of the State of Arizona with its principal place of business in Vancouver, Canada.  NameSilo has offices in Phoenix, Arizona, with a mailing address of 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona 85021, and offers website registration, email, and privacy services provided via Defendant PrivacyGuardian.

3.      On information and belief, Defendant PrivacyGuardian is an alter ego of NameSilo.  NameSilo has substantial control over the management and activities of PrivacyGuardian, to the extent that PrivacyGuardian is merely an instrumentality of NameSilo.  There appears to be such a unity of interest and ownership between NameSilo and PrivacyGuardian that any separate personalities of the entities have ceased to exist.  For example, PrivacyGuardian is not registered as a corporate entity with the Arizona Corporate Commission, raising questions as to whether it is a separate entity at all or a d/b/a name for NameSilo.  Moreover, PrivacyGuardian lists its mailing address on its website, privacyguardian.org, as 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona, 85021, which is the same as NameSilo's mailing address.  DOE Defendants, who established and/or operate the website holosun-usa.com, used PrivacyGuardian as a privacy service provided by NameSilo to hide their true identities.

4.     Holosun currently does not know the identities of DOE Defendants 1-10.  The DOE Defendants established and/or operate the websites at holosun-usa.com and holosun.org (the "Infringing Websites") that infringe on Holosun's trademarks and copyrights and claim to sell Holosun products.

5.     To date, Holosun has not been able to identify the DOE Defendants. The DOE Defendants do not provide any form of identifiable information on either of the Infringing Websites and used privacy services to register both domain names, PrivacyGuardian for the holosun-usa.com domain name and Privacy Protect, LLC for the holosun.org domain name, so the publicly available WHOIS information cannot be used to identify them or their location.  Holosun has reported the fraudulent actions of DOE Defendants to PrivacyGuardian and Privacy Protect, LLC ("Privacy Protect") and demanded that NameSilo, PrivacyGuardian, and Privacy Protect reveal the true identities of DOE Defendants to no avail.  Holosun expects that further investigation and discovery may reveal the identities of DOE Defendants.

## II.  JURISDICTION AND VENUE

6.     This is an action for copyright and trademark infringement arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., particularly 17 U.S.C. § 501, and the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., particularly 15 U.S.C. §§ 1114 and 1125.

7.     The Court has subject matter jurisdiction over the matters asserted herein pursuant to 15 U.S.C. §§ 1116, 1121(a), and 1125 and also pursuant to 28 U.S.C. §§ 1331 and 1338.

8.     The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9.     This Court has personal jurisdiction over Defendants because Defendants have sufficient contacts with the forum state in relation to the cause of action.  Defendant NameSilo is a limited liability company organized under the laws of the State of Arizona and is headquartered in Phoenix, Arizona.  Similarly, Defendant PrivacyGuardian, as an alter ego of Defendant NameSilo, is also headquartered in Phoenix, Arizona.

10.     Regardless of where the DOE Defendants are located, they have purposefully availed themselves of the benefits and protections of the forum by, among other things, contracting with a registrar, DNS host, privacy service, and payment system located in this forum and marketing their goods to customers located in this forum and in the United States.

11.     The website registrar (NameSilo, LLC) and the DNS hosting servers (operated by Namecheap headquartered in Phoenix, Arizona) for the infringing holosun-usa.com website established and/or operated by DOE Defendants are both located in this district.

12.     In contracting with the DNS hosting server Namecheap, the DOE Defendants agreed to the Namecheap Universal Terms of Service Agreement. The Namecheap Terms of Service provide "[e]xcept as otherwise set forth in the UDRP or any similar policy with respect to any dispute regarding the Services provided under this Agreement, Your rights and obligations and all actions contemplated by this Agreement shall be governed by the laws of the United States of America and the State of Arizona.  You agree that any action to enforce this agreement or any matter relating to Your use of the Services must be brought exclusively in the United States District Court of Arizona, or if there is no jurisdiction in such court, then in a state court in Maricopa County, State of Arizona." *See* https://www.namecheap.com/legal/universal/universal-tos/.

13.     In contracting with the website registrar Defendant NameSilo LLC, the DOE Defendants agreed to the NameSilo Terms and Conditions.   The

-3-

NameSilo Terms and Conditions provide "[e]xcept as otherwise set forth in the UDRP or any similar ccTLD policy, with respect to any dispute over a domain name registration, this Agreement, your rights and obligations and all actions contemplated by this Agreement shall be governed by the laws of the United States of America and the State of Arizona, as if the Agreement was a contract wholly entered into and wholly performed within the State of Arizona." *See* https://www.namesilo.com/support/v2/articles/general-terms/terms-and-conditions#.

14.     In agreeing to the Namecheap Terms of Service and the NameSilo Terms and Conditions, the DOE Defendants have purposefully availed themselves of the benefits and protections of the forum and have agreed to be governed by the laws of the forum.

15.     Moreover, the privacy service used by DOE Defendants to register their domain name (Defendant PrivacyGuardian based in Phoenix, Arizona) and the payment system used by DOE Defendants (Zelle, owned by Early Warning Services, LLC, which is headquartered in Scottsdale, Arizona) are also both located in this district.

16.     Upon information and belief, each of the organizations Namecheap, NameSilo, PrivacyGuardian, and Zelle are or were agents of DOE Defendants when some or all of the claimed infringing actions occurred. NameSilo registered the domain name holosun-usa.com on behalf of DOE Defendants. Namecheap hosted and currently hosts DOE Defendants' infringing website pointed to by holosun-usa.com. PrivacyGuardian acts on behalf of DOE Defendants as the public identity behind the registration of the infringing domain name holosun-usa.com. Zelle receives fraudulently induced payments on behalf of DOE Defendants. Each of the organizations Namecheap, NameSilo, PrivacyGuardian, and Zelle were personally involved in DOE Defendants' unauthorized use and infringement of Holosun's trademarks and copyrights.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants or their agents reside or may be found in this district and are subject to personal jurisdiction in this District, respectively.

18.     Further, venue for the copyright infringement claims is also proper in this judicial district pursuant to the pendent venue doctrine for the following reasons: (1) this District is the proper venue for Holosun's trademark infringement claims under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District, and (2) Holosun's copyright claims arise from the same underlying facts as its trademark infringement claims.

### III.  <u>FACTUAL BACKGROUND</u>

19.     This case arises out of the unauthorized use and infringement of multiple trademarks and copyrights owned and used by Holosun.

### A.     **Holosun's Trademarks and Copyright**

20.     Holosun has been a manufacturer of high-quality, cutting-edge pistol and rifle sights and accessories for over 10 years.  Holosun is known for developing innovative optic and laser/IR technologies for a broad range of shooting and hunting needs.  Since its inception in 2013, Holosun rose in popularity, quickly becoming an industry leader of high-quality sights.

21.     Holosun operates globally, including all over the United States. Holosun's products are available for purchase at many retail stores, including Riflegear, Bass Pro Shops, Scheels, Academy Sports & Outdoors, Turner's Outdoorsman, and Shoot Point Blank, as well as through online retailers like <u>Amazon.com</u>,     <u>OpticsPlanet.com</u>,     <u>MidwayUSA.com</u>,     <u>Brownells.com</u>, <u>PalmettoStateArmory.com</u>, and <u>PrimaryArms.com</u>.

22.     Holosun operates the Official Holosun Website at holosun.com, where it advertises its products in the United States.  The Official Holosun Website has been in operation since 2013 and provides consumers with a list of authorized distributors of Holosun products.

23.     The success of Holosun's products is due in part to Holosun's marketing and promotional efforts, including advertising through Holosun's websites, catalogs, and other internet-based advertising, as well as word of mouth generated by consumers.  Holosun has spent substantial time, money, and effort since 2013 to build and develop consumer recognition, awareness, and goodwill in its products and associated marks in the United States.

24.     Holosun has protected its rights by filing for and obtaining federal copyright and trademark registrations.

25.     Holosun has obtained registrations with the United States Patent and Trademark Office for its word and design trademarks, attached hereto as **Exhibits A-C**.  Holosun's registered marks that are the subject of this Complaint are set forth below and referred to in this Complaint as the "Infringed Marks":

| Mark | Registration | Registered Class |
|------|-------------|------------------|
| HOLOSUN® | U.S. Registration No. 4,403,367<br><br>Date: September 17, 2013 | IC 009. gun scopes, optical or telescopic lens sights, rifle scopes, spotting scopes, tactical laser sights, telescopic gun sights, and telescopic sights. |
| **HOLOSUN** ® | U.S. Registration No. 6,742,031<br><br>Date: May 31, 2022 | IC 009. gun scopes, optical or telescopic lens sights, rifle scopes, spotting scopes, tactical laser sights, telescopic gun sights, telescopic sights, night vision glasses, telescopic thermal sights, binoculars, and rangefinders for firearms. |

| Mark | Registration | Registered Class |
|------|-------------|-----------------|
| | | IC 013. firearms attachments, namely mounts for attaching accessories to a firearm; firearm attachments, namely, mounts for attaching ancillary equipment to a firearm; firearm attachments, namely, mounts for attaching gun sights to a firearm; firearm attachments, namely, mounts for attaching laser pointing devices to a firearm; firearm attachments, namely, mounts for attaching lights to a firearm; sights, other than telescopic sights, for firearms; component parts for ammunition; component parts for guns; component parts for pistols; component parts for rifles; firearm attachments, namely, modular external rail systems for attaching accessories to firearms; firearm attachments, namely, modular external rail systems for firearms; firearm attachments, namely, mounts for attaching grips to a firearm; firearm attachments, namely, mounts for attaching night vision devices to a firearm; firearm attachments, namely, mounts for attaching telescopic sights to a firearm; firearm hand guards; firearm tactical rails; firearms; gun stocks; noise suppressors for guns; pistol grips; pistols; pistols and parts thereof; revolvers; revolvers and parts thereof; rifle stocks; rifles; rifles and parts thereof; silencers for firearms; tripods and stands for firearms. |

| Mark | Registration | Registered Class |
|------|-------------|------------------|
| Holosun® | U.S. Registration No. 6,809,173<br><br>Date: August 2, 2022 | IC 013. firearms attachments, namely mounts for attaching accessories to a firearm; firearm attachments, namely, mounts for attaching ancillary equipment to a firearm; firearm attachments, namely, mounts for attaching gun sights to a firearm; firearm attachments, namely, mounts for attaching laser pointing devices to a firearm; firearm attachments, namely, mounts for attaching lights to a firearm; sights, other than telescopic sights, for firearms; Component parts for guns; component parts for pistols; component parts for rifles; firearm attachments, namely, modular external rail systems for attaching accessories to firearms; firearm attachments, namely, modular external rail systems for firearms; firearm attachments, namely, mounts for attaching telescopic sights to a firearm. |

26. The Infringed Mark "HOLOSUN®" was declared incontestable on December 20, 2018.

27. Holosun owns the goodwill associated with the Infringed Marks. Holosun has used the Infringed Marks in commerce for over 10 years in connection with the manufacture and sale of its goods, and the Infringed Marks have become well known in the rifle and pistol sight industry as a source for high-quality products.

28. Similarly, Holosun's website is copyrightable subject matter and Holosun has obtained a copyright registration with the United States Copyright

Office for its website, attached hereto as **Exhibit D**.   Holosun's registered copyright that is the subject of this Complaint is set forth below and referred to in this Complaint as the "Infringed Work":

| Copyright | Registration | Type of Work |
|---|---|---|
| https://www.holosun.com/ | VA 2-363-757 | Photograph, 2-D artwork, technical drawing, text |

29.   Holosun is the owner by assignment of the copyright to the photos shown in Paragraphs 33 and 44 of this Complaint.   Holosun owns the exclusive U.S. rights to, among other things, reproduce, distribute, and display its copyrighted works.

**B.   Infringing holosun-usa.com Website**

30.   In violation of federal and state law, DOE Defendants established two Infringing Websites, currently known as holosun-usa.com and holosun.org, without Holosun's authorization or approval.   Holosun never authorized DOE Defendants to manufacture, copy, advertise, sell, offer to sell, distribute, or use any of Holosun's products, or use any of Holosun's copyrights or trademarks.

31.   The infringing holosun-usa.com website purports to sell Holosun products, including pistol and rifle sights and accessories at significantly reduced prices, under Holosun's Infringed Marks and using Holosun's Infringed Works.

32.   The infringing holosun-usa.com website contains the same look and feel as the Official Holosun Website as of June 28, 2023, containing the same logo (U.S. Reg. No. 6,742,031) on the top, same image appearing on the home page, and a similar design and color scheme:

### Infringing <u>holosun-usa.com</u> Website






### Official Holosun Website









33.   The holosun-usa.com website also uses numerous photographs of products manufactured and sold by Holosun, copied directly from the Official Holosun Website, as if they were available for purchase on the infringing holosun-usa.com website.  For example:

| Infringing holosun-usa.com Website | Official Holosun Website |
|---|---|
|  https://holosun-usa.com/holosun-he515ct-micro-red-dot-sight/ |  https://holosun.com/products/red-dot-sight/515/he515ct-rd.html |
|  https://holosun-usa.com/holosun-he515gt-micro-red-dot-sight/ |  https://holosun.com/products/red-dot-sight/515/he515gt-rd.html |

| Infringing holosun-usa.com Website | Official Holosun Website |
|---|---|
| https://holosun-usa.com/holosun-he530g-elite-red-dot-65-moa-2-moa-dot-reticle/ | https://holosun.com/products/red-dot-sight/530/he530g-gr.html |
| https://holosun-usa.com/holosun-aems-core-red-dot-sight/ | https://holosun.com/products/reflex-sight/aems/aems-core-red.html |
| https://holosun-usa.com/holosun-scs-mos-solar-charging-sight/ | https://holosun.com/products/reflex-sight/scs/scs-mos.html |

-12-

| Infringing holosun-usa.com Website | Official Holosun Website |
|---|---|
|  https://holosun-usa.com/holosun-he512t-enclosed-reflex-optical-sight/ |  https://holosun.com/products/reflex-sight/512/he512t-rd.html |
|  https://holosun-usa.com/holosun-he530g-elite-red-dot-65-moa-2-moa-dot-reticle/ |  https://holosun.com/products/red-dot-sight/530/he530g-rd.html |

| Infringing **holosun-usa.com** Website | Official Holosun Website |
|---|---|
|  |  |
| https://holosun-usa.com/holosun-he515ct-micro-red-dot-sight/ | https://holosun.com/products/red-dot-sight/515/he515ct-rd.html |
|  |  |
| https://holosun-usa.com/holosun-he515gt-micro-red-dot-sight/ | https://holosun.com/products/red-dot-sight/515/he515gt-rd.html |

| Infringing **holosun-usa.com** Website | Official Holosun Website |
|---|---|
|  https://holosun-usa.com/holosun-he530g-elite-red-dot-65-moa-2-moa-dot-reticle/ |  https://holosun.com/products/red-dot-sight/530/he530g-rd.html |
|  https://holosun-usa.com/holosun-he509t-x2-enclosed-reflex-optical-red-dot-sight/ |  https://holosun.com/products/reflex-sight/509/he509t-rd-x2.html |
|  https://holosun-usa.com/holosun-le117-elite-laser-light-4/ |  https://holosun.com/products/laser-illuminator/117/le117r.html |

| Infringing **holosun-usa.com** Website | Official Holosun Website |
|---|---|
|  https://holosun-usa.com/holosun-le420-gr-green-laser-sight-ir-white-led-illuminator/ |  https://holosun.com/products/laser-illuminator/420/le420.html |
|  https://holosun-usa.com/holosun-aems-low-mount/ |  https://holosun.com/products/accessories/mounts/aems-low-mount.html |
|  https://holosun-usa.com/holosun-509-adapter-for-mos/ |  https://holosun.com/products/accessories/adapters-and-spacers/509-adapter-for-mos.html |

34.    On information and belief, DOE Defendants are offering for sale but not actually selling products manufactured by or originating from Holosun.

35.    From about May to June 2023, Holosun received notice from about eight customers complaining that they had not received Holosun items ordered online.   The complaints stated that the customers purchased items from the holosun-usa.com website and never received their online orders despite

completing payment. Holosun informed these customers that the Official Holosun Website does not offer e-commerce for consumers and that it was not affiliated with the holosun-usa.com website.

36.     On or about July 11, 2023, Holosun's private investigator initiated a transaction to purchase a Holosun reflex sight, model no. HE507C-GR X2, from the infringing holosun-usa.com website using Zelle payment. Upon placing the order, DOE Defendants provided the investigator with a name and an email associated with the Zelle account, John Conteh at johndeezy888@gmail.com. Upon investigation, the name John Conteh appears to be an alias and is the name of a famous British boxer from the 1970s.

37.     On or about July 20, 2023 the investigator attempted to make payment via Zelle to the email specified, johndeezy888@gmail.com. However, he was unable to complete the payment because he was informed by his bank that there was no Zelle account associated with the johndeezy888@gmail.com email address.

38.     The investigator then reached out again to DOE Defendants to obtain the correct Zelle payment information and was provided with a second name and email associated with another Zelle payment account, Landon Gish at gish.landon18@gmail.com. The investigator sent payment to the johndeezy888@gmail.com Zelle account. Landon Gish also appears to be an alias and is the name of an amateur athlete taken from a player profile on the sports coaching software website hudl.com. *See* https://www.hudl.com/profile/13046750/Landon-Gish.

39.     As of the filing date of this complaint, DOE Defendants never provided any product in exchange for the payment provided to them. When the investigator followed up on July 26, July 28, and August 8, 2023 requesting shipping or tracking information, DOE Defendants did not respond.

40.     On or about July 31, 2023, Holosun's private investigator initiated a second transaction to purchase a laser sight, model no. LE117-RD, from the infringing holosun-usa.com website via Bitcoin payment.   Upon placing the order, DOE Defendants provided the investigator with an address associated with DOE Defendants' Bitcoin account, "bc1qqyqgjqclxszqkpf5a027su5shmwq359xpqndk4".   The investigator did not complete the payment for this purchase.

**C.     Infringing holosun.org Website**

41.     On information and belief, after launching the first holosun-usa.com website, DOE Defendants established a second infringing website, the holosun.org website, to further unjustly profit off Holosun's reputation and trademarks.   The infringing holosun.org website was registered using a privacy service on July 14, 2023, only three days after Holosun's private investigator initiated his first purchase from the infringing holosun-usa.com website.

42.     Just like the holosun-usa.com website, the infringing holosun.org website purports to sell Holosun products, including pistol and rifle sights and accessories, at reduced prices under Holosun's Infringed Marks and using Holosun's Infringed Works.

43.     The infringing holosun.org website also contains the same look and feel as the Official Holosun Website as of September 19, 2023, containing the same logo (U.S. Reg. No. 6,742,031) on the top, the same "About Us" page, and a similar design and color scheme:

### Infringing **holosun.org** Website



### Official Holosun Website



44.    The infringing holosun.org website also uses numerous photographs of products manufactured and sold by Holosun and text copied directly from the Official Holosun Website, as if they were available for purchase on the holosun.org website.  For example:

| **Infringing holosun.org Website** | **Official Holosun Website** |
|---|---|
| <br>https://holosun.org/product/he509t-rd-x2/ | <br>https://holosun.com/products/reflex-sight/509/he509t-rd-x2.html |
| <br>https://holosun.org/product/holosun-hs515gm/ | <br>https://holosun.com/products/red-dot-sight/515/hs515gm.html |



| Infringing **holosun.org** Website | Official Holosun Website |
|---|---|
| https://holosun.org/product/holosun-he503cu-gr/ | https://holosun.com/products/red-dot-sight/503/he503cu-gr.html |
| https://holosun.org/product/holosun-403-red-dot-sight-he403c-gr-hs403c/ | https://holosun.com/products/red-dot-sight/403/he403c-gr.html |

| Infringing **holosun.org** Website | Official Holosun Website |
|---|---|
|  https://holosun.org/product/holosun-he530g-gr/ |  https://holosun.com/products/red-dot-sight/530/he530g-gr.html |
|  https://holosun.org/product/le117g/ |  https://holosun.com/products/laser-illuminator/117/le117g.html |

-22-

| Infringing **holosun.org** Website | Official Holosun Website |
|---|---|
|  | |
| https://holosun.org/product/scelerisque-fermentum/ | https://holosun.com/products/red-dot-sight/503/he503r-gd.html |
| | |
| https://holosun.org/product/holosun-he515ct-rd/ | https://holosun.com/products/red-dot-sight/515/he515ct-rd.html |

| Infringing **holosun.org** Website | Official Holosun Website |
|---|---|
|  https://holosun.org/product/aems-core-green/ |  https://holosun.com/products/reflex-sight/aems/aems-core-green.html |
|  https://holosun.org/product/he507c-gr-x2/ |  https://holosun.com/products/reflex-sight/507/he507c-gr-x2.html |

| Infringing **holosun.org** Website | Official Holosun Website |
|---|---|
|  https://holosun.org/product/holosun-507k/ |  https://holosun.com/products/reflex-sight/507/hs507k-x2.html |
|  https://holosun.org/product/pretium-viverra/ |  https://holosun.com/products/reflex-sight/eps/eps-carry-green-2.html |

| Infringing **holosun.org** Website | Official Holosun Website |
|---|---|
|  https://holosun.org/product/holosun-scs-mos/ |  https://holosun.com/products/reflex-sight/scs/scs-mos.html |
|  https://holosun.org/product/quis-viverra/ |  https://holosun.com/products/accessories/magnifier/hm3x.html |

| Infringing **holosun.org** Website | Official Holosun Website |
|---|---|
|  | |
| https://holosun.org/product/407-507k-adapter-for-mos/ | https://holosun.com/products/accessories/adapters-and-spacers/407-507k-adapter-for-mos.html |

45.    On or about September 22, 2023, Holosun's private investigator initiated a transaction to purchase a Holosun sight, model no. HS403B, from the infringing holosun.org website using Zelle payment.  After placing the order, the investigator received a text message from DOE Defendants on or about September 25, 2023, who identified themselves as "Renato Torres."  Renato Torres also appears to be an alias and is also the name of an amateur athlete taken from a hudl.com player profile. *See* https://www.hudl.com/profile/4323754/Renato-Torres.

46.    DOE Defendants provided the investigator with a name and an email associated with their Zelle payment account, Derick Creamer at derickcreamer55@gmail.com.   The investigator provided payment to the derickcreamer55@gmail.com Zelle account on September 27, 2023.   Derick Creamer also appears to be an alias and is also the name of an amateur athlete taken from a hudl.com player profile. *See* https://www.hudl.com/profile/11895561/Derick-Creamer-II.

47.     As of the filing date of this complaint, DOE Defendants never provided any product in exchange for the payment provided.   When the investigator followed up seeking shipping or tracking information, DOE Defendants did not respond.

48.     On or about September 29, 2023, Holosun's private investigator initiated a second transaction to purchase the Holosun AEMS CORE Red reflex sight from the infringing holosun.org website via Cash App payment.   After placing the order, the investigator received a text message from DOE Defendants on or about September 29, 2023.  DOE Defendants provided the investigator with the name "Steve" and an account handle or "tag" for the Cash App account "$lawsteve1994" and asked the investigator to send funds.  The investigator never completed payment for this purchase.

**D.     Defendants' Harmful Online Activities**

49.     On information and belief, the same DOE Defendants established both the holosun-usa.com and the holosun.org websites.  The creation of a second imposter website for the Official Holosun Website during the course of Holosun's investigation of the original infringing holosun-usa.com website suggests that the DOE Defendants realized that the infringing holosun-usa.com website may be shut down and created the infringing holosun.org website to continue their fraudulent scheme.

50.     The holosun-usa.com and holosun.org websites contain numerous similarities that suggest that they were established by the same party or parties. For example:

a.     both sites were registered using privacy services to obscure the identities and locations of the DOE Defendants;

b.     both sites offer similar payment options, like Zelle and cryptocurrency;

c. both sites contact potential customers using aliases taken from amateur athlete profiles off the website hudl.com, *see* https://www.hudl.com/profile/13046750/Landon-Gish; https://www.hudl.com/profile/11895561/Derick-Creamer-II; https://www.hudl.com/profile/4323754/Renato-Torres;

d. both sites have a similar formatting that allows users to toggle between the "description" and "reviews" of a product; and

**Infringing holosun-usa.com Website**



**Infringing holosun.org Website**



e. both websites include the same product sorting categories in the same order.

**Infringing holosun-usa.com Website**



**Infringing <u>holosun.org</u> Website**



51.    On information and belief, DOE Defendants are offering for sale, but not selling, products manufactured by or originating from Holosun.

52.    DOE Defendants, as the owners and/or creators of the Infringing Websites, are taking advantage of Holosun's success and goodwill by misleading customers into believing that they are entering into legitimate transactions with Holosun.   DOE Defendants are deceiving customers into believing Holosun operates, or is otherwise associated or affiliated with, the Infringing Websites, including using the Holosun name/mark in the URL of the website (<u>holosun-usa.com</u> and <u>holosun.org</u>), using the Holosun logo/mark, and using Holosun's copyrighted product photos.

53.    In reality, DOE Defendants are not providing customers with any product in exchange for their payment on either of the Infringing Websites.  DOE Defendants are fraudulently inducing unwitting consumers into believing they are entering into legitimate transactions with Holosun or a Holosun distributor, or purchasing genuine products manufactured and sold by Holosun.  Instead, DOE Defendants are simply taking the unwitting customers' money and providing nothing in return, causing Holosun significant harm.

54.    DOE Defendants show no signs of stopping their fraudulent behavior.  Instead, DOE Defendants appear to be expanding their operations by

establishing additional infringing websites, causing further harm to Holosun's goodwill and reputation as they defraud more customers.

55.    NameSilo is a domain name registrar that offers its services through the website namesilo.com.  A domain name registrar is a business that handles the reservation of website domain names and the assignment of IP addresses for those domain names.  In addition to registering domain names, NameSilo also offers services for hosting and creating websites, as well as hosting email addresses linked to the domain names it registers.

56.    NameSilo also offers WHOIS privacy protection for customers registering domain names through an organization called PrivacyGuardian.  The Internet Corporation for Assigned Names and Numbers ("ICANN") requires domain name registrars to maintain a publicly accessible WHOIS database containing contact information for all registered domains.  NameSilo advertises and promotes this service on its website.

**Protect your identity from hackers and spammers for free with NameSilo!**



According to ICANN regulations, every domain registrar, including NameSilo, is required to maintain a publicly accessible database called "WHOIS" containing the contact information for all registered domain names. Unfortunately, WHOIS has become a prime target for hackers and spammers looking to data mine names, email addresses, phone numbers and other sensitive information.

**We are proud to offer FREE WHOIS Privacy Protection for all of our domain holders without limitation!**

Unlike many of our competitors who offer Free WHOIS Privacy for a limited time, we provide WHOIS Privacy for free at all times, no exceptions!

Partnering with PrivacyGuardian.org, we are able to offer complete protection for your information while complying with ICANN requirements.

Opting to make your domain registrations private will in no way impact your ownership or any other functionality. The only change will be for people who access the WHOIS database. Instead of seeing your personal data, all contact information will be replaced with the PrivacyGuardian.org defaults. An example of this change is illustrated below:

| BEFORE WHOIS PRIVACY | AFTER WHOIS PRIVACY |
|---|---|
| Springfield Power Plant | See PrivacyGuardian.org |
| Homer J. Simpson | Domain Administrator |
| 742 Evergreen Terrace | 1928 E. Highland Ave. Ste F104 |
| Springfield, ST 55555 | PMB# 255 |
| US | Phoenix, AZ 85012 |
| +1 999 555-1212 | US |
| homer@simpsons.com | +1 347 871-7726 |
| | pw0e843e899@privacyguardian.org |

In the event that someone does a WHOIS lookup to contact you, they will be directed to the PrivacyGuardian.org web site where they will be able to submit a form which will automatically be forwarded to the email account you have on file here at NameSilo.

By default, all private domains in your account will be given a unique email address @privacyguardian.org. This will be a different email address used for all of the private domains in your account. Any mail sent to that email address will be forwarded to the email address you have listed to receive WHOIS Privacy emails on the account maintenance page in your account.

*See* https://www.namesilo.com/support/v2/articles/domain-manager/whois-privacy.

57.    PrivacyGuardian's website advertises that it guards its customers' information by "allowing their details to remain private while still complying with domain registration rules."  According to PrivacyGuardian, it "does not own any domains" and the only way to contact a domain owner is to fill out a contact form provided on the PrivacyGuardian website.  *See* https://www.privacyguardian.org.

PrivacyGuardian does not offer its services directly to domain owners. Instead, parties can only use its services by using NameSilo as a domain name registrar.

58.     PrivacyGuardian claims that it does its "best to ensure that [its] service is not utilized to hide the identity of people partaking in any [illegal] activities." *See* https://www.privacyguardian.org.  Its website informs the public that infringing domains can be reported using the "Report Abuse" form. *Id.*  Upon receiving the reports, PrivacyGuardian claims that it will determine if the claim has merit, and if so, PrivacyGuardian promises to "release the domain owner's information." *Id.*

59.     However, PrivacyGuardian's website notes that it does not have capacity to resolve trademark and copyright disputes.  They direct all parties with such disputes to "direct [their] complaint to the respective web site host for the domain," *i.e.* NameSilo, because PrivacyGuardian is "solely a privacy service, and, as such [] have no control over the storage or distribution of any allegedly infringing materials."  *See* https://www.privacyguardian.org.

60.     PrivacyGuardian charges no fee for its services, and customers seeking to use PrivacyGuardian's services cannot do so directly through the PrivacyGuardian website.

61.     On information and belief, PrivacyGuardian is an alter ego of NameSilo.  PrivacyGuardian's own domain, privacyguardian.org, is registered through NameSilo.  PrivacyGuardian also does not charge a fee for its services and shares a mailing address with NameSilo.  Moreover, customers can only utilize PrivacyGuardian's services if they register their domain name using NameSilo.  On information and belief, PrivacyGuardian has no method of generating income, nor can it acquire customers, separately from NameSilo.

62.     DOE Defendants used NameSilo's privacy service, PrivacyGuardian, to anonymously register the infringing holosun-usa.com

website.   As a result, the names, identities, and contact information of DOE Defendants are omitted from the public WHOIS registration record.

63.     In an attempt to discover the identities of DOE Defendants, Holosun reported DOE Defendants' trademark and copyright infringement activities on the "Report Abuse" form on the PrivacyGuardian website on August 3, 2023. Holosun received a response from the NameSilo Abuse Team that same day, stating that NameSilo was "only the domain name registrar and cannot validate or control the content posted on the site."   The NameSilo Abuse Team did not offer to take down the website or reveal the identities of DOE Defendants. Instead, the team told Holosun to "consider a UDRP dispute" if Holosun was "the holder of a trademark that [Holosun felt] is being infringed upon via a domain name registered with [NameSilo]."   Holosun never received any communication directly from PrivacyGuardian in response to its abuse report.

64.     DOE Defendants used a privacy service, Privacy Protect, LLC ("Privacy Protect"), to register the infringing holosun.org website.   Privacy Protect's website claims that it "should not be used for spam, abuse or any illegal/unlawful activities."   *See* https://privacyprotect.org/about-us/.   As a result, the website informs the public that complaints of infringing domains can be reported using the "Report Abuse" form and that upon receiving the reports, Privacy Protect will take "appropriate action… to either make the domain name owner information public or provide you with the necessary details."   *Id.*

65.     In another attempt to discover the identities of DOE Defendants, Holosun reported DOE Defendants' trademark and copyright infringement on the "Report Abuse" form on the Privacy Protect website on September 26, 2023.   As of the filing date of this Complaint, Holosun never received any response from Privacy Protect.

## IV.  <u>FIRST CAUSE OF ACTION</u>

**(Violation of 15 U.S.C. § 1114 – Trademark Infringement and**

**Counterfeiting of Federally Registered Marks)**

66.    Holosun hereby repeats, realleges, and incorporates by reference paragraphs 1-65 of this Complaint as though fully set forth herein.

67.    DOE Defendants used and are continuing to use the Infringed Marks in commerce in connection with the offering for sale of products that are likely to cause, and have in fact caused, confusion, mistake, or deception in violation of 15 U.S.C. § 1114.

68.    DOE Defendants have, and are continuing to reproduce, counterfeit, copy, and colorably imitate the Infringed Marks and apply such reproduction, copy, and colorable imitation to advertisements intended to be used in commerce in connection with the offering for sale of goods in a way that is likely to cause confusion, mistake, or deception.

69.    DOE Defendants do not have permission to use the Infringed Marks.

70.    The actions alleged in this Complaint were committed with knowledge that such imitation of the Infringed Marks would, and was intended to, cause confusion, cause mistake, or deceive.

71.    DOE Defendants' use of the Infringed Marks was and is willful and constitutes use of counterfeit marks.

72.    Defendants NameSilo and PrivacyGuardian provide a service to DOE Defendants by registering the infringing domain name, <u>holosun-usa.com</u>, and PrivacyGuardian is currently listed as the owner of the infringing domain name, <u>holosun-usa.com</u>, in the publicly available WHOIS database of domain name registrations.  The domain name is the address of the infringing <u>holosun-usa.com</u> website, allowing prospective customers to be misled into believing they are visiting a website belonging to Holosun.  NameSilo and PrivacyGuardian have refused to remove or disable the infringing domain name, <u>holosun-usa.com</u>,

or reveal the identity of the DOE Defendants despite receiving notice of the domain name's use for infringing purposes.  NameSilo and PrivacyGuardian are acting as the agents of the DOE Defendants and engaging in infringing activity with full knowledge of the infringement and are helping to hide the identity of the DOE Defendants and to prevent Holosun from enforcing its intellectual property rights.  Defendants NameSilo and PrivacyGuardian are contributorily liable for DOE Defendants' use, reproduction, and counterfeiting of the Infringed Marks because they are providing a service to the DOE Defendants, domain name registration and maintenance of that registration, knowing that the DOE Defendants are using that service to engage in trademark infringement.

73.    As a result of Defendants' unlawful conduct, including the use of the Infringed Marks, Holosun has been damaged, suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

74.    Holosun is entitled to injunctive relief under 15 U.S.C. § 1116 and actual damages (or in the alternative statutory damages under 15 U.S.C. § 1117(c)), in an amount equal to three times Defendants' profits following equitable accounting, plus interest, costs, and attorneys' fees under 15 U.S.C. § 1117(b).

## V.  SECOND CAUSE OF ACTION

## (Violation of 15 U.S.C. § 1125(a) – False Designation of Origin and False or Misleading Description of Fact)

75.    Holosun hereby repeats, realleges, and incorporates by reference paragraphs 1-74 of this Complaint as though fully set forth herein.

76.    Holosun, as the owner of all common law right, title, and interest in and to the Infringed Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).  The Infringed Marks are inherently

distinctive and/or have acquired distinctiveness, and the "HOLOSUN®" mark has been declared incontestable.

77.     DOE Defendants have, without authorization, on or in connection with their goods and services, used in commerce marks that are confusingly similar to the Infringed Marks and/or have made false designations of origin which are likely to cause confusion, mistake, or deceive as to the affiliation, connection or association of DOE Defendants with Holosun and/or as to the origin, sponsorship, or approval of DOE Defendants' goods or services or commercial activities.

78.     DOE Defendants' conduct violates 15 U.S.C. § 1125(a), and DOE Defendants have unfairly competed with and injured Holosun and, unless restrained, will continue to injure Holosun.  DOE Defendants' actions are causing and will continue to cause irreparable injury to Holosun's goodwill and reputation associated with the value of the Infringed Marks.

79.     On information and belief, DOE Defendants' conduct was and is knowing, deliberate, willful, and intended to cause confusion, mistake, or deception, in blatant disregard of Holosun's rights.

80.     DOE Defendants knew or, by the exercise of reasonable diligence, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of the Infringed Marks would cause confusion, mistake, or deception among purchasers, users, and the public.

81.     DOE Defendants' conduct has permitted or will permit them to make substantial fraudulent sales and profits on the strength of Holosun's marketing, advertising, and consumer recognition.  As a direct and proximal result of DOE Defendants' wrongful conduct, Holosun has been and will be deprived of sales and the value of the Infringed Marks as commercial assets.  Additionally, Holosun's Infringed Marks are and will be devalued by the existence of fraudulent

impostors using the Infringed Marks to induce unwitting customers to engage in fraudulent purchase transactions.

82.     Defendants NameSilo and PrivacyGuardian provide a service to DOE Defendants by registering the infringing domain name, holosun-usa.com, and PrivacyGuardian is currently listed as the owner of the infringing domain name, holosun-usa.com, in the publicly available WHOIS database of domain name registrations.  The domain name is the address of the infringing holosun-usa.com website, allowing prospective customers to be misled into believing they are visiting a website belonging to Holosun.  NameSilo and PrivacyGuardian have refused to remove or disable the infringing domain name, holosun-usa.com, or reveal the identity of the DOE Defendants despite receiving notice of the domain name's use for infringing purposes.  NameSilo and PrivacyGuardian are acting as the agents of the DOE Defendants and engaging in infringing activity with full knowledge of the infringement and are helping to hide the identity of the DOE Defendants and to prevent Holosun from enforcing its intellectual property rights.   Defendants  NameSilo  and  PrivacyGuardian  are  jointly  and/or contributorily liable for DOE Defendants' false designation web address used to direct prospective customers to the infringing holosun-usa.com website, which NameSilo and PrivacyGuardian continue to maintain on behalf of the DOE Defendants despite knowing that it is falsely designating the origin of the goods for sale on the infringing holosun-usa.com website.  Defendants NameSilo and PrivacyGuardian are jointly and/or contributorily liable for DOE Defendants' web address used to direct prospective customers to the infringing holosun-usa.com website, which NameSilo and PrivacyGuardian continue to maintain on behalf of the DOE Defendants despite knowing that the web address misleadingly describes the source of the goods on the infringing holosun-usa.com website as originating from Holosun.

83.     Holosun is entitled to injunctive relief, monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits following equitable accounting, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## VI.  **THIRD CAUSE OF ACTION**

### (Violation of 15 U.S.C. § 1125(d) – Cyberpiracy)

84.     Holosun hereby repeats, realleges, and incorporates by reference paragraphs 1-83 of this Complaint as though fully set forth herein.

85.     DOE Defendants registered, are trafficking in, and are using domain names (holosun-usa.com and holosun.org) that are, and were at the time of registration of the domain names, identical or confusingly similar to the distinctive Holosun mark.

86.     At all times, DOE Defendants acted with bad faith intent to profit from the Holosun mark as evidenced by:

a.     DOE Defendants have no trademark or other intellectual property rights in the domain names;

b.     The domain names do not consist of DOE Defendants' legal name(s);

c.     Upon information and belief, DOE Defendants have never previously used the domain names in connection with a bona fide offering of any goods or services;

d.     DOE Defendants do not have a bona fide noncommercial or fair use of the mark; and

e.     DOE Defendants' intent was and is to fraudulently induce customers to purchase goods from the Infringing Websites by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the websites.

87.     DOE Defendants do not have reasonable grounds to believe that their use of the domain names was lawful or otherwise constituted fair use.

88.     Defendants NameSilo and PrivacyGuardian registered the infringing domain name, holosun-usa.com, and PrivacyGuardian is currently listed as the owner of the infringing domain name, holosun-usa.com, in the publicly available WHOIS database of domain name registrations.   The domain name uses Holosun's registered trademarks and is the address of the infringing holosun-usa.com website, allowing prospective customers to be misled into believing they are visiting a website belonging to Holosun.   NameSilo and PrivacyGuardian have refused to remove or disable the infringing domain name, holosun-usa.com, or reveal the identity of the DOE Defendants despite receiving notice of the domain name's use for infringing purposes.   NameSilo and PrivacyGuardian are acting as the agents of the DOE Defendants and engaging in infringing activity with full knowledge of the infringement and are helping to hide the identity of the DOE Defendants and to prevent Holosun from enforcing its intellectual property rights.   The holosun-usa.com domain name is identical and/or confusingly similar to Holosun's trademarks, including at least the Holosun® incontestable mark. Defendants NameSilo and PrivacyGuardian acted in bad faith with intent to profit from the mark because they maintain the registration of the holosun-usa.com domain name while receiving compensation for their registration services, knowing that the holosun-usa.com domain name is being used to falsely designate the origin of goods and for infringement of the Infringed Marks.   Defendants NameSilo and PrivacyGuardian have also refused to disclose the identities and current contact information of DOE Defendants after receiving reasonable evidence of actionable harm.

89.     Holosun is entitled to its actual damages and profits, or statutory damages pursuant to 15 U.S.C. § 1117(d), and a court order transferring the domain names to Holosun pursuant to 15 U.S.C. § 1125(d)(1)(C).

## VII.  <u>FOURTH CAUSE OF ACTION</u>

**(Violation of 17 U.S.C. § 501(a) – Federal Copyright Infringement)**

90.    Holosun hereby repeats, realleges, and incorporates by reference paragraphs 1-89 of this Complaint as though fully set forth herein.

91.    Holosun is the exclusive owner of copyrights for the Official Holosun Website (<u>holosun.com</u>) along with images and other protectable works related thereto and possesses copyright registrations with the United States Copyright Office.

92.    DOE Defendants did not seek and failed to obtain Holosun's consent or authorization to import, utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Holosun's copyright-protected materials.

93.    Without permission, DOE Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, manufactured, and/or distributed Holosun's protected works by using and reproducing such works on the Infringing Websites in violation of 17 U.S.C. § 501(a).

94.    DOE Defendants' acts constitute infringement of Holosun's copyrights, including Holosun's exclusive rights to reproduce, distribute, and/or sell such protected material.

95.    Defendants NameSilo and PrivacyGuardian registered the infringing domain name, <u>holosun-usa.com</u>, and PrivacyGuardian is currently listed as the owner of the infringing domain name, <u>holosun-usa.com</u>, in the publicly available WHOIS database of domain name registrations.  The domain name is the address of the infringing <u>holosun-usa.com</u> website, allowing prospective customers to be misled into believing they are visiting a website belonging to Holosun.  The infringing domain name, <u>holosun-usa.com</u>, directs prospective customers to the infringing <u>holosun-usa.com</u> website, which displays Holosun's copyrighted works without Holosun's authorization.  NameSilo and PrivacyGuardian have

refused to remove or disable the infringing domain name, holosun-usa.com, or reveal the identity of the DOE Defendants despite receiving notice of the domain name's use for infringing purposes.  Instead, NameSilo and PrivacyGuardian are providing substantial assistance to the DOE Defendants continued infringing activity by supplying domain name services to the DOE Defendants.  NameSilo and PrivacyGuardian are acting as the agents of the DOE Defendants and engaging in infringing activity with full knowledge of the infringement and are helping to hide the identity of the DOE Defendants and to prevent Holosun from enforcing its intellectual property rights.  Defendants NameSilo and PrivacyGuardian are contributorily liable for DOE Defendants' reproduction, counterfeiting, copying, displaying, manufacturing, and distribution of Holosun's protected works because they know of the DOE Defendants' infringement and are materially contributing to that infringement at least by supplying domain name services that lead prospective customers to the infringing holosun-usa.com website and mislead customers into believing that the infringing holosun-usa.com website is owned or operated by Holosun.

96.    Defendants' known and intentional copyright infringement has caused, and will continue to cause, substantial and irreparable harm to Holosun unless Defendants' actions are enjoined by this Court.

97.    Holosun is therefore entitled to injunctive relief and its actual or statutory damages, Defendants' profits following equitable accounting, increased damages, and reasonable attorneys' fees and costs.

## VIII.   <u>FIFTH CAUSE OF ACTION</u>

**(Violation of Ariz. Rev. Stat. §§ 44-1451 and 44-1522 – Trademark Infringement and Unfair Competition)**

98.    Holosun hereby repeats, realleges, and incorporates by reference paragraphs 1-97 of this Complaint as though fully set forth herein.

99.   Defendants are engaged in unfair and unethical business practices that are harmful to Holosun and the general public.

100.   For purposes of deceiving the public, DOE Defendants are simulating the name, symbols, or devices employed by Holosun (including the Infringed Marks), thus falsely inducing consumers to pay DOE Defendants under the mistaken belief that the consumer is entering into a transaction with Holosun and will receive Holosun product(s) in return.

101.   DOE Defendants acted with the intent to engage in common law trademark infringement and unfair competition, and have done so in a fraudulent, malicious, willful, and wanton manner, and in wanton disregard of Holosun's rights.

102.   DOE Defendants have acquired excess earnings, profits, and/or benefits from the unlawful, unfair, and/or fraudulent business acts and practices set forth in the preceding paragraphs of this Complaint.  This unjust enrichment continues to occur as DOE Defendants continue to engage in said unlawful, unfair, and/or fraudulent business acts and practices.

103.   Defendants NameSilo and PrivacyGuardian are contributorily liable for DOE Defendants' use of the name, symbols, or devices employed by Holosun (including the Infringed Marks) because they supply domain name registration services and privacy services to the DOE Defendants knowing that the holosun-usa.com domain name itself is infringing and knowing that the DOE Defendants are using the domain name services and privacy services to engage in trademark infringement and to avoid liability and service of process for their tortious conduct.

104.   As a result of Defendants' illegal conduct, Holosun has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

105.   Holosun is entitled to injunctive relief and its actual damages, an amount equal to Defendants' profits following equitable accounting, plus interest, costs, and attorneys' fees.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Holosun prays for the following relief:

A.     That the Court render a final judgment in favor of Holosun against Defendants on all claims for relief alleged herein;

B.     That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. §§ 1114 and 1125(a) and (d) by infringing Holosun's trademark rights in at least the marks that are the subject of U.S. Trademark Registration Nos. 4,403,367; 6,742,031; and 6,809,173;

C.     That the Court render a final judgment that Defendants have willfully violated the provisions of Ariz. Rev. Stat. §§ 44-1451 and 44-1522 by infringing Holosun's trademark rights and by misleading consumers as to the affiliation, connection, or association of Defendants to Holosun or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Holosun;

D.     That the Court render a final judgment that Defendants have willfully violated the provisions of 17 U.S.C. § 501(a) by infringing Holosun's copyright rights in at least the copyrights that are the subject of U.S. Copyright Registration No. VA 2-363-757;

E.     That Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith permanently enjoined from:

a.     Using the "Holosun" name, including any of the Infringed Marks, or imitating the Infringed Marks in connection with the offering for sale or advertising of any products;

b.   Using Holosun's copyrighted works in connection with the offering for sale or advertising of any products;

c.   Engaging in any action to pass off Defendants' products as Holosun products;

d.   Engaging in further actions to interfere with Holosun's rights in its marks and copyrights or in damaging Holosun's goodwill or reputation; and

e.   Continuing to operate the Infringing Websites, and any similar website(s);

F.   That the Court order the domain names "holosun-usa.com" and "holosun.org" be transferred to Holosun;

G.   That the Court require Defendants to provide a complete accounting of their profits;

H.   That damages equal to three times Defendants' profits be awarded to Holosun pursuant to 15 U.S.C. § 1117(b);

I.   That actual damages, or in the alternative statutory damages pursuant to 15 U.S.C. § 1117(c) and (d) and 17 U.S.C. § 504(c), be awarded to Holosun;

J.   That an award of reasonable costs, expenses, and attorneys' fees be awarded to Holosun pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504;

K.   That actual damages be awarded to Holosun pursuant to Ariz. Rev. Stat. § 44-1522 and that Defendants' profits and the costs of the action be awarded to Holosun pursuant to Ariz. Rev. Stat. § 44-1451;

L.   That Holosun be awarded such further relief as this Court deems just and proper.

Dated this 13th day of October, 2023.

Respectfully submitted,

SNELL & WILMER L.L.P.

By: /s/ David G. Barker
David G. Barker
Emily R. Parker

ARMOND WILSON LLP

Michelle E. Armond (*pro hac vice* forthcoming)
Douglas R. Wilson (*pro hac vice* forthcoming)
Yue Han (*pro hac vice* forthcoming)

*Attorneys for Plaintiff*
*Holosun Technologies, Inc.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Holosun Technologies, Inc. hereby demands a trial by jury on all issues so triable.

Dated this 13th day of October, 2023.

Respectfully submitted,

SNELL & WILMER L.L.P.


By:  s/ David G. Barker
David G. Barker
Emily R. Parker

ARMOND WILSON LLP

Michelle E. Armond (*pro hac vice* forthcoming)
Douglas R. Wilson (*pro hac vice* forthcoming)
Yue Han (*pro hac vice* forthcoming)

*Attorneys for Plaintiff*
*Holosun Technologies, Inc.*