David G. Barker (#024657)
dbarker@swlaw.com
Emily R. Parker (#036286)
eparker@swlaw.com
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

Michelle E. Armond (*pro hac vice*)
michelle.armond@armondwilson.com
Douglas R. Wilson (*pro hac vice*)
doug.wilson@armondwilson.com
Yue Han (*pro hac vice*)
amy.han@armondwilson.com
ARMOND WILSON LLP
4685 MacArthur Court, Suite 390
Newport Beach, CA 92660
Telephone: (949) 932-0778
Facsimile: (949) 386-1932

Attorneys for Plaintiff Holosun Technologies, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holosun Technologies, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NameSilo, LLC, PrivacyGuardian.org, and Doe Defendants 1-10,<br><br>Defendants. | No. CV-23-2138-PHX-SMB<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY TO IDENTIFY DOE DEFENDANTS**<br><br>**(Oral Argument Requested)** |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND ................................................................................................... 2

    A. DOE Defendants' Fraudulent Websites ................................................. 2

    B. Plaintiff's Pre-Suit Investigation ............................................................ 4

    C. Requested Targeted Early Discovery To Obtain DOE Defendants' Identities ................................................................................ 5

    D. Document Requests On Named Defendants NameSilo And PrivacyGuardian ..................................................................................... 5

    E. Third-Party Subpoenas On DOE Defendants' Service Providers ................................................................................................. 6

III. ARGUMENT ........................................................................................................ 8

    A. Factor 1: The Requested Discovery Will Identify The DOE Defendants With Specificity ..................................................................... 9

    B. Factor 2: Holosun Has Taken Reasonable Steps To Locate And Identify The DOE Defendants ......................................................... 9

    C. Factor 3: Holosun's Complaint Will Withstand A Motion To Dismiss ............................................................................................. 11

    D. Factor 4: The Requested Discovery Will Likely Allow Holosun To Identify And Serve The DOE Defendants .................... 14

    E. The Need For The Requested Discovery Outweighs Any Conceivable Prejudice To Defendants .............................................. 15

IV. CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page No(s).**

*FBN Contracting LLC v. Unknown Party*,
  No. CV-22-01793-PHX-JJT, 2022 WL 13940901
  (D. Ariz. Oct. 24, 2022) ................................................................. 8, 9, 15

*Gillespie v. Civiletti*,
  629 F.2d 637 (9th Cir. 1980) ................................................................. 8, 14

*Hallet v. Morgan*,
  296 F.3d 732 (9th Cir. 2002) ..................................................................... 8

*Howarth v. Patterson*,
  No. CV-19-00726-PHX-ESW,
  2020 WL 209930 (D. Ariz. Jan. 14, 2020) ................................................. 14

*Marketo, Inc. v. John Doe*,
  No. 18-cv-06792-JSC, 2018 WL 6046464
  (N.D. Cal. Nov. 19, 2018) .................................................................. *passim*

*Third Degree Films, Inc. v. Does 1-131*,
  280 F.R.D. 493 (D. Ariz. 2012) ............................................................. 8, 10

## OTHER AUTHORITIES

Fed. R. Civ. P. 26 ..................................................................................... 8

Plaintiff Holosun Technologies, Inc. moves the Court, *ex parte*,[1] for an order permitting targeted early discovery from Defendants NameSilo, LLC and PrivacyGuardian.org, and selected third parties, to discover the identity of the DOE Defendants, so that all necessary parties may be included in this lawsuit. A proposed form of order accompanies this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Holosun Technologies, Inc. is an industry leader in designing and manufacturing high-quality pistol and rifle sights. It operates an informational website at holosun.com, but only sells products through distributors. Holosun recently discovered two fraudulent "Holosun" websites (holosun-usa.com and holosun.org, "Infringing Websites") purporting to sell "Holosun" products after receiving consumer complaints about ordered products that were never delivered. Complaint (Dkt. 1) ¶ 35. These websites are not approved or operated by Holosun but use Holosun's registered trademarks and copyrighted works to make them seem legitimate. Both websites offer Holosun products at discounted prices and accept payments from consumers but provide nothing in return.

John Does 1-10 ("DOE Defendants") are the internet scammers who operate these Infringing Websites. DOE Defendants obviously know that their fraudulent activities are wrong because they have taken pains to hide their identities by operating through online aliases, fake names, and domain name privacy services. Only three days after Holosun's private investigator's initial transaction on the holosun-usa.com website, DOE Defendants registered and later launched yet another fraudulent site at holosun.org. Dkt. 1 ¶ 41. DOE Defendants' actions have

---

[1] Plaintiff is in the process of serving the known defendants and will serve a copy of this Motion on them, but given the urgency of this matter, Plaintiff is moving *ex parte*, before defendants have appeared. Plaintiff will also serve any order issuing from this Motion under LRCiv 77.4(a).

1  made it impossible for Holosun or its private investigator to determine their
2  location and true identities through public sources. The only way to ensure that all
3  necessary individuals are included in this lawsuit and properly served is to seek
4  targeted early discovery from Defendants NameSilo, LLC ("NameSilo") and
5  PrivacyGuardian.org ("PrivacyGuardian") and selected third parties. The
6  discovery sought should reveal the names and locations of the individuals
7  responsible for the development and operation of the holosun-usa.com and
8  holosun.org websites.

## II. BACKGROUND

Holosun owns three trademarks associated with its brand: the federally incontestable "HOLOSUN®" mark (Registration No. 4,403,367), character mark "Holosun®" (Registration No. 6,809,173), and a design mark for its logo (Registration No. 6,742,031). Dkt. 1, Exs. A-C. Holosun also has a registered copyright for its own website at holosun.com ("Official Holosun Website"). Dkt. 1, Ex. D. Holosun's marks and copyrighted material are used in commerce and on the Official Holosun Website, holosun.com.

### A.   DOE Defendants' Fraudulent Websites

DOE Defendants' fraudulent holosun-usa.com and holosun.org websites mimic the Official Holosun Website using Holosun's registered marks in both their domain names and on the websites themselves, as well as Holosun's copyrighted photographs, without Holosun's authorization or approval. Comparisons of the Official Holosun Website and the Infringing Websites are shown below.

| Official Holosun Website (Ex. 17) | Infringing Website (Ex. 18) |
| :---: | :---: |
| www.holosun.com | holosun-usa.com |



Infringing Website (Ex. 19): holosun.org



After Holosun received complaints that consumers had paid for, but not received, Holosun products purchased from "Holosun's" website, Holosun discovered the fraudulent websites. Dkt. 1 ¶ 35.

### B. Plaintiff's Pre-Suit Investigation

Prior to filing this lawsuit, Holosun conducted an extensive factual investigation based on publicly available information to attempt to identify the DOE Defendants. Holosun also hired private investigator Michael Santoni to ascertain the identities of DOE Defendants. Santoni Decl. ¶ 2.

As a part of his investigation, Mr. Santoni purchased products on the Infringing Websites. Santoni Decl. ¶¶ 3, 13; Ex. 1 (holosun-usa.com purchase) [2]; Ex. 7 (holosun.org purchase). He confirmed that DOE Defendants do not provide customers with any products in exchange for payment. *Id.* ¶¶ 10, 18; Exs. 2, 5. Mr. Santoni's investigation revealed the online aliases, email addresses, phone numbers, and financial information associated with DOE Defendants, but he was unable to discover their true identities. *Id.* ¶¶ 4-12, 14-21; Exs. 2-6.

To discover their identities, Holosun also filed reports with both privacy services used by DOE Defendants, Defendant PrivacyGuardian and Privacy Protect, LLC. Han Decl. ¶¶ 23-24, 28-29; Exs. 30, 34. As of the filing of this Motion, Privacy Protect never responded. Han Decl. ¶ 30. Defendant PrivacyGuardian merely passed along Holosun's complaint about the DOE Defendants' fraudulent actions to the domain name registrar, NameSilo, who responded that it "cannot validate or control the content posted on the site." *Id.* ¶¶ 25-26; Ex. 31. To date, Holosun has not received any information from PrivacyGuardian, Privacy Protect, or NameSilo revealing DOE Defendants' true identities. *Id.* ¶¶ 23-30.

---

[2] Unless otherwise indicated, Exhibits 1-7 are attached to the declaration of Michael Santoni, and Exhibits 8-34 are attached to the declaration of Yue Han, both of which are filed in support of the present motion.

### C. Requested Targeted Early Discovery To Obtain DOE Defendants' Identities

Despite its pre-suit investigation, Holosun was unable to discover DOE Defendants true identities. DOE Defendants have shielded their true identities from the public eye to defraud consumers using Holosun's registered trademarks and copyrighted works. The only way to learn DOE Defendants' true identities is through early discovery of companies with whom they are required to share their personal information – *i.e.*, the domain host, domain name registrar, privacy service, and the financial institutions used by DOE Defendants.

Holosun must seek circumscribed early discovery to ensure that all necessary individuals are included in this lawsuit and that they are properly served. The discovery sought by this Motion is attached as Exhibits 8-14 and should reveal the names and locations of the DOE Defendants responsible for the operation of the Infringing Websites. Holosun requests:

(1) the names, addresses, email addresses, and other identifying information of any persons or entities that have registered or own, use, or pay for the accounts at issue; and

(2) the Internet Protocol address(es) used to access these accounts.

### D. Document Requests On Named Defendants NameSilo And PrivacyGuardian

Holosun seeks to serve early discovery in the form of document requests on the two named defendants in this action. Defendants NameSilo and PrivacyGuardian are likely to possess information on the specific individuals or other parties responsible for the operation of the holosun-usa.com Infringing Website:

1. **NameSilo** is the Arizona-based domain name registrar DOE Defendants used to register the holosun-usa.com domain name. *See* Ex. 15 at 1-2 ("Domain name: holosun-usa.com… Registrar: NameSilo, LLC"). DOE

Defendants registered the domain name using a WHOIS proxy service to hide its true ownership. *See id.* DOE Defendants must provide to NameSilo "accurate and reliable contact details and promptly correct and update them." Ex. 16 at 19 (ICANN Rule 3.7.7.1).

2. **PrivacyGuardian** is the Arizona-based privacy service DOE Defendants used to register the holosun-usa.com domain name. *See* Ex. 15 at 1-2 ("Domain name: holosun-usa.com… Admin Organization: PrivacyGuardian.org llc). PrivacyGuardian's policy on "illegal activity" states that they "do [their] best to ensure that [their] service is not utilized to hide the identity of people partaking in any of these activities" and that they will "release the domain owner's information" if they determine that the "complaint has merit." *See* Ex. 29 at 1. Holosun reported DOE Defendants' fraudulent activities to PrivacyGuardian, but instead of providing DOE Defendants' information, PrivacyGuardian informed Holosun it was unable to "control the content posted on the site" and refused to reveal DOE Defendants' information. *See* Han Decl. ¶¶ 24-26; Ex. 30; Ex. 31 at 1. PrivacyGuardian possesses information about DOE Defendants' identities and refuses to provide it voluntarily.

E. **Third-Party Subpoenas On DOE Defendants' Service Providers**

The five subpoenas Holosun seeks to serve via this Motion are directed towards the following U.S.-based website services, internet services, and financial institutions used by DOE Defendants as part of their fraudulent activities in operating the Infringing Websites:

1. **Namecheap, Inc.** is the hosting service DOE Defendants use to host the holosun-usa.com domain name. *See* Ex. 15 at 1, 3 (for holosun-usa.com, "Name Server" is "namecheaphosting.com"). DOE Defendants are required to provide to Namecheap accurate and updated reliable contact details. Ex. 16 at 19 (ICANN Rule 3.7.7.1).

2. **Zelle/Early Warning Services, LLC** is the payment system DOE Defendants use as an accepted method of payment on both the holosun-usa.com and holosun.org websites. The names and emails DOE Defendants provided for their Zelle accounts appear to be aliases and do not identify DOE Defendants. Santoni Decl. ¶¶ 6-8, 14-16; Han Decl. ¶¶ 19-22; Exs. 25-28. Because Zelle accounts are connected to a user's bank account, *see* Han Decl. ¶ 16; Exs. 21-22, Zelle must have information regarding DOE Defendants' identities or actual bank accounts.

3. **Google LLC** provides email addresses and ad services to DOE Defendants. Specifically, DOE Defendants use Google's gmail.com email addresses to communicate with customers, *see* Santoni Decl. ¶¶ 6-9, 14-16, and appear to use Google Ads to advertise their websites and ensure that their websites are displayed on Google search results, *see* Ex. 20 at 4. Thus, Google has specific and unique information about DOE Defendants in its possession.

4. **Privacy Protect, LLC** is a privacy service DOE Defendants use to register the holosun.org domain name. Ex. 32 at 1 ("Domain Name: holosun.org… Registrant Organization: Privacy Protect, LLC (Privacy Protect.org)"). Privacy Protect's own policies state that it provides the exclusive means to contact DOE Defendants. Ex. 33 at 1 ("Using the Contact Domain Owner form is the ONLY way to get in touch with the domain name owner."). By its own admission, Privacy Protect possesses specific information about DOE Defendants' identities.

5. **Block, Inc./Cash App** is a payment system DOE Defendants use for their holosun.org website. *See* Santoni Decl. ¶¶ 19-20. Based on Cash App's policies, Cash App accounts are connected to a user's bank account. *See* Ex. 23 at 1 ("Connect Cash App to your bank account"). To send or withdraw money from a Cash App account, a user is required to link Cash App to their bank account by either providing their banking information or adding their debit card. Han Decl. ¶

18; Ex. 24. Thus, Cash App has information regarding DOE Defendants' banking information.

### III. ARGUMENT

District courts have broad discretion to order discovery, *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), including before a Rule 26(f) conference. *FBN Contracting LLC v. Unknown Party*, No. CV-22-01793-PHX-JJT, 2022 WL 13940901, at *1 (D. Ariz. Oct. 24, 2022); Fed. R. Civ. P. 26(d)(1). Courts routinely allow early discovery to identify anonymous or "John Doe" defendants. *See, e.g.*, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants will not be known prior to the filing of a complaint… the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Marketo, Inc. v. John Doe*, No. 18-cv-06792-JSC, 2018 WL 6046464, at *3 (N.D. Cal. Nov. 19, 2018) (granting early discovery to allow plaintiffs to identify Doe Defendants).

The Ninth Circuit applies the "good cause" standard in determining whether to permit early discovery. *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 499 (D. Ariz. 2012). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *New Sensations, Inc. v. Does 1-1,1474*, No. 11-2770 MEJ, 2011 WL 4407222, at *1 (N.D. Cal. Sept. 22, 2011)).

In determining whether "good cause" exists for pre-service discovery, courts consider the following four factors: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) whether the plaintiff has identified all previous steps taken to locate the defendant; (3) whether the plaintiff's suit against defendant can withstand a motion to dismiss; and (4) whether the plaintiff has demonstrated that there is a reasonable likelihood

of being able to identify the defendant through discovery such that service of process would be possible. *Id.*; *see also Marketo*, 2018 WL 6046464, at *2.

Here, good cause exists for the requested limited expedited discovery. Holosun respectfully asks the Court to grant leave to conduct expedited discovery to locate and identify DOE Defendants.

### A. Factor 1: The Requested Discovery Will Identify The DOE Defendants With Specificity

"Under the first factor, 'the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court.'" *Marketo*, 2018 WL 6046464, at *2 (quoting *Pac. Century Int'l, Ltd. v. Does 1-48*, No. 11-3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011)).

Here, Holosun's Complaint specifically identifies DOE Defendants as the individuals and/or entities that registered and operate two specific websites (holosun-usa.com and holosun.org), and have used four specific email addresses (sales@holosun-usa.com, johndezzy888@gmail.com, gish.landon18@gmail.com, and derickcreamer55@gmail.com). Dkt. 1 ¶¶ 30-48. The requested discovery is narrowly tailored to specifically identify those behind the Infringing Websites. *Marketo*, 2018 WL 6046464, at *2 (finding factor 1 met because "Plaintiff alleges that the Doe Defendant owns or is using the domain name omgdownload.com to sell email templates using the Marketo Mark"); *see also FBN Contracting*, 2022 WL 13940901, at *1 (ordering discovery where "Plaintiff has identified the email address and bank accounts used by Defendant(s) in perpetrating the alleged fraud").

### B. Factor 2: Holosun Has Taken Reasonable Steps To Locate And Identify The DOE Defendants

"Under the second factor, the party should identify all previous steps taken to locate the elusive defendant." *Marketo*, 2018 WL 6046464, at *2 (quoting *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 579 (N.D. Cal. 1999)).

Holosun conducted an extensive pre-suit investigation and hired a private investigator to assist with the investigation but has not been able to specifically identify DOE Defendants. Early discovery is therefore proper because Holosun has "exhausted other discovery methods." *Third Degree*, 280 F.R.D. at 500.

Holosun attempted to identify and locate DOE Defendants by using the information found on the Infringing Websites, running Google searches, checking public records including the WHOIS database with information about a website's domain registration and web hosting. Han Decl. ¶¶ 9-30. The Infringing Websites themselves include no personally identifying information for DOE Defendants. Exs. 17-19. WHOIS shows that DOE Defendants used privacy services, PrivacyGuardian and Privacy Protect, LLC, to register both domain names and shield their identities. Exs. 15, 32.

Holosun's private investigator attempted to purchase products from the Infringing Websites and obtained several gmail.com email accounts and payment information to Zelle and CashApp used by DOE Defendants but no personally identifying information. Santoni Decl. ¶¶ 3-21. Those gmail.com accounts and payment information are the subject of the proposed third-party subpoenas.

Before filing this lawsuit, Holosun tried to identify DOE Defendants by reporting its claims of copyright and trademark infringement to the privacy services listed as owning the Infringing Websites: PrivacyGuardian and Privacy Protect. Han Decl. ¶¶ 23-24, 28-29. However, despite its policy to "release the domain owner's information" if it determines that the "complaint has merit," PrivacyGuardian has not released DOE Defendants' information. *Id.* ¶¶ 25-26. Privacy Protect has a similar policy but didn't even bother to respond to Holosun's complaint. *Id.* ¶¶ 28-30. Because these companies will not voluntarily identify Doe Defendants, discovery is necessary. *Marketo*, 2018 WL 6046464, at *2 (ordering discovery after "Plaintiff contacted Namecheap, the domain name

registrar, and asked that the information be taken down, but Namecheap responded by refusing to do so").

Holosun cannot tie these online aliases to specific individuals without the requested discovery from third parties.

### C. Factor 3: Holosun's Complaint Will Withstand A Motion To Dismiss

Holosun's infringement claims would easily survive a motion to dismiss.

Jurisdiction and venue are proper in this District. As explained in the Complaint, this Court has subject matter jurisdiction over these copyright and trademark claims. Dkt. 1 ¶ 7. Personal jurisdiction and venue are also proper because a substantial part of the events giving rise to the claim occurred in this District, and DOE Defendants have purposefully availed themselves of the benefits and protections of this forum by contracting with a website registrar (NameSilo), website hosting service (Namecheap), privacy service (PrivacyGuardian), and payment system (Zelle)—all of which are headquartered in Phoenix or Scottsdale, Arizona.

Holosun sufficiently pled trademark infringement. Holosun has valid, protectible trademarks it registered with the U.S. Patent and Trademark Office. Dkt. 1 ¶¶ 25-26; *id*. at Ex. A-C. DOE Defendants copied Holosun's character mark, Reg. No. 6,809,173, in their domain names (holosun-usa.com and holosun.org). DOE Defendants also copied and used Holosun's logo, Reg. No. 6,742,031, on the Infringing Websites, as shown below:

**Holosun's Trademarked Logo**



**Infringing holosun-usa.com Website**



**Infringing holosun.org Website**



This is sufficient to meet the third factor. *Marketo*, 2018 WL 6046464, at *2 (finding third factor met by plaintiff's complaint for trademark infringement

-12-

"alleging that it holds a valid trademark for the Marketo Mark and that the Doe Defendant is using that Mark to sell products on the omgdownload.com website").

DOE Defendants also infringe Holosun's copyright. Holosun has a registered copyright on the Official Holosun Website. *See* Dkt. 1 ¶ 28; *id*. at Ex. D. Holosun's complaint properly alleges that DOE Defendants have violated Holosun's exclusive rights in its copyrighted website by reproducing numerous of Holosun's original photographs and images from Holosun's Official Website, examples of which are shown below:

| Official Holosun Website | Infringing **holosun-usa.com** Website | Infringing **holosun.org** Website |
|---|---|---|
| https://holosun.com/products/red-dot-sight/530/he530g-gr.html | https://holosun-usa.com/holosun-he530g-elite-red-dot-65-moa-2-moa-dot-reticle/ | https://holosun.org/product/holosun-he530g-gr/ |
| https://holosun.com/products/reflex-sight/aems/aems-core-red.html | https://holosun-usa.com/holosun-aems-core-red-dot-sight/ | https://holosun.org/product/aems-core-green/ |

|  |  |  |
|---|---|---|
| https://holosun.com/products/reflex-sight/509/he509t-rd-x2.html | https://holosun-usa.com/holosun-he509t-x2-enclosed-reflex-optical-red-dot-sight/ | https://holosun.org/product/he509t-rd-x2/ |

Dkt. 1 ¶¶ 33, 44; *see Howarth v. Patterson*, No. CV-19-00726-PHX-ESW, 2020 WL 209930, at *2 (D. Ariz. Jan. 14, 2020) (finding a complaint properly pleaded copyright infringement where plaintiff alleged that a website used, without consent, one of its photographs).

### D. Factor 4: The Requested Discovery Will Likely Allow Holosun To Identify And Serve The DOE Defendants

"The final factor concerns whether the discovery sought will uncover the identity of the Doe Defendant." *Marketo*, 2018 WL 6046464, at *2 (citing *Gillespie*, 629 F.2d at 642-43). Here, the requested discovery will likely reveal the identities of the DOE Defendants behind the Infringing Websites. To use their services, DOE Defendants are required to provide accurate personal information to the vendors and payment processors from whom Holosun seeks discovery: Namecheap, NameSilo, PrivacyGuardian, Early Warning Services, LLC/Zelle, Google, Privacy Protect, and Block, Inc./Cash App. Subpoenaing limited information relating to the Infringing Websites from these entities will likely uncover DOE Defendants' names and locations. *See, e.g.*, *Marketo*, 2018 WL 6046464, at *2 (ordering early discovery because "a subpoena on [website domain name registrar] should reveal the identity of the Doe Defendant."); *Gillespie*, 629 F.2d at 643 (holding the district court abused its discretion by not permitting

discovery where it was "very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants.").

### E. The Need For The Requested Discovery Outweighs Any Conceivable Prejudice To Defendants

Finally, early discovery should be ordered because the "need for the limited discovery that Plaintiff seeks here outweighs the potential prejudice to the responding parties." *FBN Contracting*, 2022 WL 13940901, at *2.

The requested discovery will ensure that all necessary defendants are included in this lawsuit, and served with the Complaint, as soon as possible. *See Marketo*, 2018 WL 6046464, at *3 ("granting early discovery to permit Plaintiff to identify the Doe Defendant appears to be the only way to advance this litigation").

In view of their fraudulent activities, DOE Defendants have no legitimate interest in keeping their identities secret. The narrow tailoring of these requests outweighs any prejudice to the named Defendants and third parties that are aiding and abetting this fraud. *See, e.g.*, *Marketo*, 2018 WL 6046464 at *3 (ordering early discovery and finding "no prejudice to Doe Defendant in granting the requested early discovery because it is narrowly tailored to seek only their identity"); *FBN Contracting*, 2022 WL 13940901, at *2 (finding that narrowly tailored "expedited discovery is the only way for [Plaintiff] to identify the party or parties who allegedly defrauded Plaintiff and to pursue this lawsuit against them").

### IV. CONCLUSION

For the foregoing reasons, Holosun respectfully requests that the Court issue an Order granting Holosun leave to conduct early and third-party discovery.

| | | |
|---|---|---|
| 1 | Date: October 20, 2023 | Respectfully submitted, |
| 2 | | SNELL & WILMER L.L.P. |
| 4 | | By: *s/ David G. Barker* |
| 5 | |     David G. Barker |
| | |     Emily R. Parker |
| 7 | | ARMOND WILSON LLP |
| 8 | |     Michelle E. Armond (*pro hac vice*) |
| 9 | |     Douglas R. Wilson (*pro hac vice*) |
| | |     Yue Han (*pro hac vice*) |
| | | *Attorneys for Plaintiff* |
| | | *Holosun Technologies, Inc.* |

4884-2113-6777

-16-